IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**LAWRENCE LOMBARDI,**

        Petitioner,

    v.                                    **Civil Action No. 5:24-CV-8**
                                                Judge Bailey

**R. BROWN,** Warden**,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On January 16, 2024, the *pro se* petitioner, Lawrence Lombardi ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia, and is challenging the Bureau of Prison's ("BOP") calculation of his sentence. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the petition be denied and dismissed.

## II. BACKGROUND[1]

Following a jury trial which ended June 23, 2000, petitioner was convicted for setting off two pipe bombs at Florida Agricultural & Mechanical University, a historically black university. As summarized by the Eleventh Circuit:

> After a jury trial, Lombardi was convicted of two counts of maliciously damaging property—two buildings at Florida Agricultural and Mechanical University ("F AMU")—with an explosive, in violation of 18 U.S.C. § 844(i) (Counts One and Three); two counts of using and carrying a destructive device—a pipe bomb—during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two and Four); and two counts of interfering with federally protected activities—enrolling and attending FAMU—based on race or color, in violation of 18 U.S.C. § 245(b)(2)(A) (Counts Five and Six). Notably, the superseding indictment alleged that the § 924(c) counts related only to the malicious damage to property offenses in Counts One and Three.
> Lombardi was sentenced to: (1) concurrent 108-month sentences on Counts One, Three, Five, and Six; (2) a 30-year sentence on his first § 924(c) conviction in Count Two, to run consecutively to the sentences imposed on Counts One, Three, Five, and Six; and (3) a life sentence on the second § 924(c) conviction in Count Four, to run consecutively to the sentences imposed on all the other counts, for a total sentence of life plus 39 years in prison.

*In re Lombardi*, No. 19-13706-C, 2019 U.S. App. LEXIS 29661, at *2–3 (11th Cir. Oct. 2, 2019). In October 2020, petitioner successfully challenged the legality of his convictions under § 924(c) following the Supreme Court's holding in **United States v. Davis**, 139 S.Ct. 2319 (2019). As a result, his convictions on Counts Two and Four were vacated and petitioner's case was set for resentencing. On November 19, 2020,

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. See **USA v. Lombardi**, 4:99-CR-00071-RH-MAL-1 (N.D. Fla. 1999). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

petitioner was resentenced to: 216 months on Count 1, 216 months on Count 3, 108 months on Count 5, and 108 months on Count 6, all to run consecutively, for a total sentence of 648 months imprisonment. According to the BOP's website, petitioner's projected release date, via good conduct time, is October 5, 2045.

In his petition, petitioner claims that the BOP has unlawfully computed his sentence. Specifically, petitioner contends that Counts 1, 3, 5, and 6 were all served and discharged as of June 1, 2007, and that when his convictions for Counts 2 and 4 were vacated, the BOP no longer had authority to detain him.

### III. Legal Standard

**A.  Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.  Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal

construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court.  See **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV. Discussion

The undersigned finds that petitioner's challenge is to the validity of his sentence and, as such, is not properly brought under § 2241.

Here, although petitioner frames his challenge as one of sentence computation, he is clearly challenging the legality of the sentence imposed at resentencing.  Petitioner argues that "counts 1, 3, 5, 6 were served + discharged as a unit on June 1, 2007," and that therefore when he was resentenced and Counts 2 and 4 were vacated, he should have been released.  Petitioner's criminal docket clearly reflects that he was resentenced to a total term of 648 months, which he has not yet completed.  Thus, despite framing his challenge as one of sentence computation, he is challenging the legality of the sentencing court of imposing a higher sentence on Counts 1, 3, 5, and 6 at resentencing despite his contention that the sentence on those Counts was already complete.  Petitioner does not argue that the BOP has incorrectly calculated when his 648 month sentence would be completed; his argument instead relies entirely on the assumption that the sentencing court could not resentence him on the Counts which he contends were already served.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where

4

the prisoner is incarcerated.  **Fontanez v. O'Brien**, 807 F.3d 84, 85 (4th Cir. 2015).

Second or successive motions under § 2255 are only permitted when based on "newly discovered evidence," § 2255(h)(1) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," § 2255(h)(2).  While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "saving clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Until recently, several courts, including the Fourth Circuit, had held that § 2255 was "inadequate or ineffective" when a prisoner sought relief based on a new interpretation of a criminal statute subsequent to petitioner's trial, appeal, and first § 2255 motion.[2]  However, the Supreme Court recently held that "Section 2255(e)'s saving clause does not authorize that end-run around [Antiterrorism and Effective Death Penalty Act of 1996]."  **Jones v. Hendrix**, 143 S. Ct. 1857, 1860 (2023).  Instead, the saving clause is limited to "unusual circumstances in which it is impossible or impracticable for the prisoner to seek relief from the sentencing court."  *Id*. at 1866.  Absent these unusual circumstances, a petitioner is not permitted to proceed with challenges to his conviction or sentence under § 2241.  *See Id*. at 1869 ("The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. **It means that he cannot bring it at all.** Congress has chosen finality over error correction in his

---

[2] *See* **In re Jones**, 226 F.3d 328, 333–34 (4th Cir. 2000) to challenge conviction; and **United States v. Wheeler**, 886 F.3d 415, 428 (4th Cir. 2018) to challenge sentence.

case.") (emphasis added); *see also* **Hall v. Hudgins**, No. 22-6208, 2023 WL 4363658, at *1 (4th Cir. July 6, 2023) (unpublished) (per curiam) (following **Jones**, a petitioner cannot use § 2241 to bring a successive collateral attack on the validity of his sentence).

Petitioner has not shown that it is impossible or impracticable to present his claims to his sentencing court. Indeed, petitioner has raised his claim in a pending petition under § 2255.[3] Accordingly, petitioner cannot present his claims in a § 2241 petition, and this Court is without jurisdiction to entertain his claim. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. Recommendation

For the foregoing reasons, it is hereby recommended that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10)

---

[3] **USA v. Lombardi**, 4:99-CR-00071-RH-MAL-1 (N.D. Fla. 1999), [Doc. 272 at 5] (petitioner argues that "I claim that counts 1, 3, 5, and 6 are independent of the 924(c) counts that were vacated on 10/15/2020 and were not part of the sentencing package. The original sentence on 9/15/2000 was that these counts were to be 108 months to be served concurrently, not consecutively, and I have served that time and I should have been discharged as of June 1, 2007").

typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: February 16, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE