IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**LAWRENCE LOMBARDI,**

    Petitioner,

v.                                    CIVIL ACTION No. 5:24-CV-8
                                        Judge Bailey

**R. BROWN**, Warden,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 16, 2024, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 16 at 2–3].

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. On February 21, 2024, this Court granted petitioner an extension of time, in part, in which to file his objections. *See* [Doc. 8].

Petitioner timely filed his Objections to the Magistrate's Report and Recommendations [Doc. 11-1] as an attachment to a Motion to Exceed the Page Limit [Doc. 11] on March 14, 2024. As an initial matter, this Court will **GRANT** the Motion to Exceed the Page Limit [**Doc. 11**]. Accordingly, this Court will review the portions of the

R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

The magistrate judge found that petitioner's challenge is to the validity of his sentence and, as such, is not properly brought under § 2241. [Doc. 6 at 4]. This Court agrees entirely. Here, petitioner frames his challenge as one of sentence computation, but he is clearly challenging the legality of the sentence imposed at resentencing. *See* [Doc. 1]. Petitioner argues that "counts 1, 3, 5, 6 were served + discharged as a unit on June 1, 2007," and, therefore, when he was resentenced and Counts 2 and 4 were vacated, he should have been released. A cursory review of petitioner's criminal docket reflects, clearly, that he was resenteced to a total term of 648 months, which he has not yet completed. Accordingly, despite framing his challenge as one of sentence computation, he is actually challenging the legality of the sentencing court of imposing a higher sentence on Counts 1, 3, 5, and 6 at resentencing, despite his argument that the sentence on those Counts was already complete. The petition does not argue that the BOP has incorrectly calculated when petitioner's 648 month sentence would be completed; rather, petitioner's argument relies entirely on the assumption that the sentencing court could not resentence him on the Counts he contends were already served.

As articulated by the magistrate judge, prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and

is to be filed in the district where the prisoner is incarcerated. ***Fontanez v. O'Brien***, 807 F.3d 84, 85 (4th Cir. 2015).

Second or successive motions under § 2255 are only permitted when based on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," § 2255(h)(2). While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "saving clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he or she can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Until recently, several courts, including the Fourth Circuit, had held that § 2255 was "inadequate or ineffective" when a prisoner sought relief based on a new interpretation of a criminal statute subsequent to petitioner's trial, appeal, and first § 2255 motion. However, the Supreme Court of Appeals of the United States recently held that "Section 2255(e)'s saving clause does not authorize that end-run around [Antiterrorism and Effective Death Penalty Act of 1996]." ***Jones v. Hendrix***, 143 S.Ct. 1857, 1860 (2023). Instead, the saving clause is limited to "unusual circumstances in which it is impossible or impracticable for the prisoner to seek relief from the sentencing court." *Id*. at 1866. Absent these unusual circumstances, a petitioner is not permitted to proceed with challenges to his or her conviction or sentence under § 2241. *Id*. at 1869 ("The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress

4

has chosen finality over error correction in his case."); *see also* **Hall v. Hudgins**, 2023 WL 4363658, at *1 (4th Cir. July 6, 2023) (unpublished) (per curiam) (following **Jones**, a petitioner cannot use § 2241 to bring a successive collateral attack on the validity of his sentence).

Petitioner has made no showing that it is impossible or impracticable to present his claims to his sentencing court. In fact, petitioner has raised his claim in a pending petition under § 2255.[2] Based on this analysis, the magistrate judge concluded that petitioner cannot present his claims in a § 2241 petition, and this Court is without jurisdiction to entertain his claim. [Doc. 6 at 6] (citing **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999) (finding when subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause.")).

Petitioner lodges several objections to the magistrate judge's R&R. First, petitioner objects to "incorrect use of verbage" within the R&R. [Doc. 11-1 at 2]. More specifically, petitioner argues, essentially, that the magistrate judge's referral to petitioner's claims as "contentions" is incorrect "verbage" because petitioner's claim "is based upon the BOP's method of calculation it is a fact not a contention." Petitioner's contention in this regard borders on frivolousness and is overruled.

---

[2] *See* **USA v. Lombardi**, 4:99-CR-00071-RH-MAL-1 (N.D. Fla. 1999) [Doc. 272 at 5] (petitioner argues that "I claim that counts 1, 3, 5, and 6 are independent of the 924() counts that were vacated on 10/15/2020 and were not part of the sentencing package. The original sentence on 9/15/2000 was that these counts were to be 108 months to be served concurrently, not consecutively, and I have served that time and I should have been discharged as of June 1, 2007.").

Next, petitioner outlines the procedural posture of his case and details the history of his administrative remedies submissions. [Doc. 11-1 at 3–9]. Petitioner also contends that § 2241 is an available method for him to challenge the validity of his sentence. [Id.]. These averments are overruled as the magistrate judge correctly concluded that petitioner cannot pursue these claims via a § 2241 petition. Moreover, the citations to petitioner's administrative remedies history is irrelevant, as this Court is without jurisdiction to evaluate whether petitioner exhausted administrative remedies for the reasons articulated by the magistrate judge. *See* [Doc. 6 at 6].

Petitioner raises three (3) additional objections to the R&R. [Doc. 11-1 at 9–18]. First, he argues, again, that the magistrate judge improperly characterized his claims as a challenge to the validity of his resentencing. This Court agrees with the characterization offered by the magistrate judge and, therefore, this objection is overruled.

Next, petitioner takes issue with the magistrate judge's notation of petitioner's pending § 2255 petition asserting virtually the same claims present in the pending petition. In essence, petitioner contends that the issues presented in his § 2255 petition and the pending petition are not identical. An independent review of both petitioner's § 2255 petition and the pending petition reveal striking similarity in the nature of the claims presented. In any event, these observations do not obviate the fact that this Court is without jurisdiction to entertain petitioner's claims via the pending § 2241 petition. Accordingly, this objection is overruled.

Finally, petitioner argues that this Court does have subject matter to address his § 2241 petition. This Court disagrees for the reasons articulated in the R&R and herein, and this objection is overruled.

## III.  CONCLUSION

The magistrate judge's R&R [**Doc. 6**] is hereby **ORDERED ADOPTED** for the reasons herein and more fully stated in the magistrate judge's report.  Petitioner's response/objections [**Doc. 11-1**] are **OVERRULED**.  The Petition [**Doc. 1**] is **DENIED and DISMISSED WITHOUT PREJUDICE**.

The Clerk is **INSTRUCTED** to strike this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 1, 2024.

_____
**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**